TAYLOR & Another, Executors, *v.* BOWKER.

APPEALS FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF MAINE.

Argued March 12th, 13th, 1884.—Decided March 24th, 1884.

*Statute of Limitations—Equity—Corporations.*

If a statute enacts that when a corporation has unlawfully made a division of
its property, or has property which cannot be attached, or is not by law
attachable, any judgment creditor may file a bill in equity for the purpose
of procuring a decree that the property shall be paid to him in satisfaction
of his judgment, the right of action thus conferred, being an equitable right,
does not accrue until the issue of execution on the judgment and its return
unsatisfied.

If a statute confers upon a judgment creditor of a corporation an equitable
remedy on the issue of an execution on the judgment and its return unsatis-
fied, and in a revision of the statutes the same equitable remedy is given, but
without mention of the issue and return of execution, it is not to be pre-
sumed that the legislature intended by the omission to abrogate or modify
an established rule of equity; that when it is attempted by equitable process
to reach equitable interests fraudulently conveyed, the bill should set
forth a judgment, issue of execution thereon, and its return unsatisfied.

By chapter 46 of the Revised Statutes of Maine of 1857, re-
enacted in the Revised Statutes of 1871, it is, among other
things, provided that—

"When the charter of a corporation expires, or is terminated,
a creditor or stockholder may apply to the Supreme Judicial Court,
which may appoint one or more trustees to take charge of its es-
tate and effects, with power to collect its debts and to prosecute
and defend suits at law. The court has jurisdiction in equity of
all proceedings therein, and may make such orders and decrees,
and issue such injunctions as are necessary," § 19 ; also, that "the
debts of the corporation are to be paid in full by such trustees,
when the funds are sufficient ; when not, ratably to those cred-
itors, who prove their debts as the law provides, or as the court
directs. Any balance remaining is to be distributed among the
stockholders, or their legal representatives, in proportion to their
interests," § 20 ; further, that "when such a corporation has un-
lawfully made a division of any of its property, or has property

which cannot be attached, or is not by law attachable, any judgment creditor may file a bill in equity in the Supreme Judicial Court, setting forth the facts and the names of such persons as are alleged to have possession of any such property or choses in action, either before or after division. Service is to be made on the persons so named as in other suits in equity. They are, in answer thereto, to disclose on oath all facts within their knowledge relating to such property in their hands, or received by a division among stockholders. When any one of them has the custody of the records of the corporation, he is to produce them and make extracts therefrom and annex to his answer, as the court directs," § 34 ; still further, that " the court is to determine, with or without a jury, whether the allegations in the bill are sustained, and it may decree that any such property shall be paid to such creditor in satisfaction of his judgment, and cause such decree to be enforced as in other chancery cases. Any question arising may, at the election of either party, be submitted to the decision of a jury under the direction of the court," § 35.

These statutory provisions being in force, Bowker, the appellee, on the 7th day of June, 1866, brought his action against the Piscataqua Fire and Marine Insurance Company, in the Supreme Judicial Court of Maine, for the county of York, to recover the sum due him on a policy issued by that company, in the sum of $5,000, upon his interest in a certain vessel. It was duly entered at the September term, 1866, of that court. Before judgment was obtained, the legislature of Maine, by an act approved February 28th, 1867, accepted the surrender of the charter of the company, declaring therein that—

" Its affairs shall be wound up in the manner provided in sections nineteen and twenty of chapter forty-six of the Revised Statutes, and the organization of the company shall continue for the purposes provided for in said sections ; *Provided*, That so much of said acts, or the act incorporating said company, or the act amending the same, as confer any special remedies against officers or stockholders of said corporation, shall not be affected hereby ; nor shall this act relieve them from any personal liabilities under any of said acts, or under any of the statutes of this State, or prevent any creditor from pursuing any remedies con-

ferred by chapter one hundred and thirteen of the Revised Statutes," § 1 ; also, that "actions pending against said company when trustees are appointed as provided in said sections, may be discontinued without payment of costs ; or continued, tried, and judgment rendered, as in other cases ; actions may be also maintained upon claims disallowed in whole or in part by the trustees ; all judgments shall be satisfied in the same manner as other claims against the company are satisfied by the trustees." § 2.

In the action instituted by Bowker, judgment in his behalf was entered April 4th, 1868, and execution thereon was issued April 8th, 1868. It was returned July 8th, 1868, with an indorsement by the officer that after diligent search, he had been unable to find any property of the corporation wherewith to satisfy it.

Before that judgment was rendered, the Supreme Judicial Circuit Court, for York County, in accordance with the provisions of the Revised Statutes, appointed trustees to take charge of the estate and affairs of the company, with power to collect its debts, and to prosecute and defend suits at law.

The present suit was instituted April 11th, 1874, by Bowker—he being a citizen of Massachusetts—in the Circuit Court of the United States for the District of Maine, to enforce the rights given to him, as a judgment creditor, by the statutes of Maine. The defendants were Wm. Hill, the testator of appellants and the trustees, to whom had been committed the custody of the property of the insurance company. Hill was the treasurer, and a stockholder of the company. The bill proceeded upon the ground that the company, prior to the surrender of its charter, had, in violation of the statute, made a division of portions of its property. The bill averred that it had had, and that its corporators still had, property which could not be attached ; that Hill, at the commencement of the suit, had possession of part of the property so unlawfully divided, which could not be attached. The prayer of the bill was that the complainant's judgment be satisfied from the property so divided, transferred and delivered to Hill, or from its proceeds.

The trustees answered that there were no assets in their hands

with which to satisfy the judgment. Hill demurred upon the ground that the bill made no case entitling complainant to the discovery or relief asked. The demurrer was overruled, and Hill answered. One of the defences was, that the complainant's cause of action was barred by the statutes of limitations of Maine. Upon final hearing, a decree was entered against Hill for the amount of the judgment against the company. An appeal was taken from this judgment.

*Mr. Josiah H. Drummond* for appellants.

*Mr. Edwin B. Smith* for appellee.

Mr. Justice Harlan delivered the opinion of the court. He stated the facts in the foregoing language and continued:

The only point seriously insisted upon in argument, or which is necessary to be considered, is, that this suit was barred by limitation. The Revised Statutes of Maine, in force when it was brought, provided that " all actions of assumpsit or upon the case founded on any contract or liability, express or implied," should be commenced " within six years next after the cause of action accrues, and not afterwards." Rev. Stat. Maine, 1857, ch. 81, § 92. The judgment against the company was entered more than six years before the commencement of this suit. It is insisted that appellee's cause of action accrued upon the entry of the judgment; while it is contended, in behalf of appellee, that even if the foregoing limitation has any application in a suit in equity, brought in the Circuit Court of the United States, by a citizen of another State, his cause of action did not accrue until the return of execution against the company, which occurred within six years prior to this suit.

The counsel for appellee also insist that this suit can be maintained upon the general equitable principles recognized in the cases which hold that the capital stock of a corporation is a trust fund which may be followed by creditors into the hands of those who have notice of the trust; and, consequently that the right of a Circuit Court of the United States to give relief, according to the received principles of equity, cannot be controlled by any limitation prescribed by the State in actions of

assumpsit or upon the case founded on contract or liability, express or implied. Without entering upon a discussion of that question, and assuming, for the purposes of this case only, that the Circuit Court, in analogy to the limitation prescribed by the local statute, could properly have denied the relief asked, where the suit was not brought within six years after the cause of action accrued, we are of opinion that the decree was right and should be affirmed.

The proposition that Bowker's cause of action accrued upon the entry of his judgment against the company rests upon a very technical interpretation of the statute, which, in terms, gives a judgment creditor the right to file his bill in equity against any corporation which has unlawfully made a division of its property, or has property which cannot be attached, or is not, by law, attachable. As this right is given to a judgment creditor, his cause of action, it is claimed, accrues the moment he becomes such, that is, when he obtains a judgment. But such, we think, was not the intention of the legislature. The provisions, upon this subject, in the Revised Statutes of 1871, are brought forward from the revision of 1857. In respect of these matters, there is no difference, even of phraseology, in the two revisions. In reference to the revision of 1857, it was expressly decided, in *Hughes* v. *Farrar*, 45 Me. 72, that the principal design was to revise, collate and arrange the public laws, and, in revising, to condense, as far as practicable; that a mere change of phraseology should not be deemed a change of law unless there was an evident intention upon the part of the legislature to make such change. The special remedies given by the Revised Statutes of 1857, and which were not affected or withdrawn by the act of February 28th, 1867, were not then, for the first time, provided. Going back to the Laws of 1848, we find that, by an act approved August 10th, 1848, it was made unlawful for corporations, other than those for literary and benevolent purposes, banking, and such as, by the common law, were termed *quasi* corporations, to make any division of their corporate funds, or property, so as to reduce their stock below par value, except to close up the concerns of the corporation after all its debts are paid. And by the same

act it was provided that in all such cases of unlawful division of corporate property, " and in all cases where such corporation has corporate property of any kind which is undivided, and which cannot be come at readily to be attached, or which is not attachable, any judgment creditor or creditors of such corporation, or his or their attorney, may make complaint thereof to the Supreme Judicial Court, therein setting forth in substance his or their judgment, and alleging the same to be unsatisfied by reason of inability to find corporate property wherewith to satisfy the same," &c.

The provisions of the act of 1848 are preserved, although much condensed in words, in the later revisions of the statutes. Clearly, the special remedy given to a creditor by the act of 1848, was given upon the condition that his judgment was unsatisfied, "by reason of inability to find corporate property wherewith to satisfy the same." This condition could only be met, within the settled doctrines of the courts of Maine, by an issue of execution upon the judgment. But, because these words were omitted in subsequent revisions, it is claimed that the legislature intended that the creditor should have the privilege of filing his bill in the Supreme Judicial Court, even though it was in his power, by execution, to find corporate property wherewith to satisfy his judgment. In this construction of the revisions of 1857 and 1871 we do not concur. Although they do not, in terms, as did the act of 1848, require the creditor to allege in his bill, that his judgment remained unsatisfied by reason of his inability to find corporate property wherewith to satisfy it, we are not satisfied that there was any purpose to change the law, or to modify the grounds upon which relief in equity could be obtained in the Supreme Judicial Court. That court, as we infer from its decisions, would not have given relief under the revisions of 1857 and 1871, unless it appeared that the creditor could not otherwise obtain satisfaction of his judgment; for, as early as in 1848, in *Webster* v. *Clark*, 25 Maine, 313, it was announced, as a general rule, that "courts of equity are not tribunals for the collection of debts; and yet they afford their aid to enable creditors to obtain payment, when their legal remedies have proved to be inadequate. It is only by the

exhibition of such facts as show that these have been exhausted, that their jurisdiction attaches. Hence it is, that when an attempt is made by a process in equity to reach equitable interests, choses in action, or the avails of property fraudulently conveyed, the bill should state that judgment has been obtained, and that execution has been issued and that it has been returned by an officer without satisfaction." See, also, *Corey* v. *Greene*, 51 Maine, 114; *Griffin* v. *Nitcher*, 57 id. 270; *Howe* v. *Whitney*, 66 id. 17. A different construction of the revisions of 1857 and 1871 can be maintained only upon the theory, that the legislature intended to abrogate or modify the established rule of equity announced in repeated decisions of the State court. We are not prepared to say that such was its intention.

But it is suggested that the insurance company, by the surrender of its charter, under the act of February 28th, 1867, ceased to exist, and that an execution upon a judgment obtained against it was unauthorized by law, and void; consequently, the appellee had a right to institute his suit in equity immediately upon the rendition of the judgment. This position is not, in our opinion, well taken. That act expressly saved special remedies given by former legislation, and provided that suits, pending at its passage, might be discontinued without payment of costs, or continued, tried, and judgment rendered as in other cases; and that all judgments should be satisfied in the same manner as other claims against the company are satisfied by the trustees. When the act of 1867 gave a creditor in pending suits the privilege of proceeding to judgment, and thereby establishing these demands, it gave him the right, if it did not impose upon him the duty, of putting himself in such a condition that he could, according to the principles of equity, have invoked the aid of the court to remove all obstacles in the way of obtaining satisfaction of his judgment. It is true that the corporate property was in the possession and charge of the trustees when the execution issued, and the effort to levy it became, perhaps, a form; but, as was well said by the circuit judge, it is by no means certain, in view of the strictness with which statutory forms are often required to be followed, that if this

form had been neglected the defendant might not have success-fully contended that the complainant had neglected to meet the requirements of the statute. Besides, the act of 1867 did not, upon its face, show that the funds of the corporation would be insufficient to meet its debts in full. When the execution issued the trustees might, for aught that the judgment creditor knew, have caused it to be satisfied, and thereby dispensed with further proceedings upon the complainant's part against those who were supposed to have unlawfully received the property of the corporation. It was proper, therefore, that a creditor, desiring to resort to the special remedies reserved to him, should attempt by execution to secure payment of his judgment against the corporation before resorting to a court of equity.

For these reasons we are of opinion that the complainant's cause of action should not be deemed to have accrued until the return of the execution; consequently his suit was not barred by the limitation of six years.

*The decree is affirmed.*