## J. I. MINKLER *vs*. UNITED STATES SHEEP CO.

Opinion filed January 5th, 1895.

### Appointment of Receiver—Rights of Judgment Creditor.

> To entitle a judgment creditor to an order appointing a receiver of his debt-or's property it must be made to appear that the creditor has in good faith exhausted his remedies at law; and to that end it must appear, unless special circumstances are shown to excuse it, that execution has been issued upon the judgment to the sheriff of the county of defendant's residence, and been returned unsatisfied in whole or in part.

Appeal from District Court, Cass County; *McConnell,* J.

Action by J. I. Minkler against the United States Sheep Company. From an order appointing a receiver of its property, defendant appeals.

Reversed.

*A. S. Drake,* for appellant.
*Newman, Spalding & Phelps,* for respondent.

BARTHOLOMEW, J. This is an appeal from an order appointing a receiver to take charge of all of the property of the defendant, and devote it to the payment of the defendant's debts. The action is in the nature of a creditor's bill, and the receiver was asked for upon the grounds that the plaintiff had in a former action obtained a judgment against the defendant, and caused execution to be issued thereon, and such execution had been returned wholly unsatisfied; that defendant was insolvent, and its securities were scattered throughout the state, and liable to be lost and wasted; that the business of the defendant had been mis-managed by its president and directors; that it was indebted to a large amount; and that, unless a receiver was appointed, the property would be wasted and squandered. The defendant was alleged to be a corporation organized under the laws of this state, and doing business at Fargo. This application was presented to the court *ex parte*, and an order was made thereon appointing a temporary receiver, enjoining defendant from disposing of its

property, directing that the property of defendant be tnrned over to the receiver, and that the defendant show cause before the court on December 18, 1893, why the receivership should not be made permanent. This order, with a copy of the petition upon which it was based, was served upon the defendant on December 6, 1893. No attempt was ever made to discharge this order, nor was any appeal taken therefrom. On December 18, 1893, the defendant filed its verified answer to the petition, in which it specially denied that it was insolvent, or that its property had been lost, wasted, squandered, or mismanaged, or that it had not property to satisfy said judgment; and alleged affirmatively that its principal place of business, as fixed by his charter, was at Leeds, in Benson County, and that no execution had ever been issued upon said judgment to the sheriff of said county, and that plaintiff held collateral security for his debt, which he had not sought to exhaust; that defendant owned unincumbered live stock in the State of North Dakota of the value of $10,000; that the temporary appointment of receiver was made without notice, and upon an application verified only by one of the attorneys, and not by plaintiff in person, and that before the return of the execution defendant by its officers, exhibited to the sheriff personal property of the value of $5,000, upon which the sheriff refused to levy. Substantially these same statements were made in what is termed the "answer" to the order to show cause. Upon these pleadings the court, on the 21st day of December, 1893, signed an order making the temporary receivership permanent, directing the transfer by defendant to the receiver of all property of every kind and nature belonging to the defendant, authorizing the receiver, if he deemed it for the best interests of the creditors, to continue the business of the corporation under the direction of the court, and clothing the receiver generally with all the powers necessary and usual for closing up the financial affairs of a corporation. It is from this order that the appeal is taken. As neither affidavits nor oral evidence are presented to the court, we are required to pass only upon the rights of the respective parties under the pleadings as hereinbefore set forth.

It is first urged against the complaint that it was, insufficient to warrant the appointment of a receiver, because it does not show that plaintiff had exhausted his remedies at law in this; that it does not show that any execution upon the judgment obtained by plaintiff against defendant had ever been issued to the sheriff of the county of defendant's residence, nor does it show any excuse why an execution was not so issued. It is not material whether we consider this receiver as appointed under Subd. 4, § 5015, Comp. Laws, which provides that a receiver may be appointed where judgment has been obtained and execution issued upon the judgment and returned unsatisfied, or whether we consider him appointed under subdivision 6 of that section, which authorizes receivers to be appointed in cases where receivers had heretofore been appointed by the usages of courts of equity. The power to appoint receivers for the purpose of enabling a creditor to obtain satisfaction of his judgment in cases where judgment had been obtained and execution issued and returned unsatisfied had long been recognized by courts of equity before the statutory provision contained in subdivision 4 originated. That subdivision is but a declaration of the law as it had theretofore been administered by equity courts. *Child* v. *Brace*, 4 Paige, 309; *Ballentine* v. *Beall*, 3 Scam. 203; *Taylor* v. *Bowker*, 111 U. S. 110, 4 Sup. Ct. 397. And, alike under the statutory provison and under the authority vested in courts of equity, independent of statute, it is held that before a receiver can be appointed in cases of this character it is absolutely necessary that the creditor should have exhausted all legal remedies, and it is absolutely necessary that he should have caused execution to issue upon his judgment, and that such execution should have been returned unsatisfied, in whole or in part. This is elementary, but see *Dunlevy* v. *Tallmadge*, 32 N. Y. 457; *Adsit* v. *Butler*, 87 N. Y. 585; *Taylor* v. *Bowker*, 111 U. S. 110, 4 Sup. Ct. 397; *Preston* v. *Colby*, 117 Ill. 477, 4 N. E. 375; *Wadsworth* v. *Schisselbauer*, 32 Minn. 86, 19 N. W. 390; 4 Am. & Eng. Enc. Law, p. 374, and note 3. In the case of *Paulson* v. *Ward*, 4 N. D. 100, 58 N. W. 792, the writer of this opinion, in speaking

of this requirement for the issuance and return of execution, classed it as a purely formal requirement. That remark was not called for in that case, and was ill considered. In one sense, and in many cases, the requirement is formal, but it is always intended to subserve a very important purpose. The issuance and return of execution unsatisfied is regarded as the best evidence that the creditor has in good faith exhausted his remedy at law, and the courts have ever been strenuous that it should appear that the creditor's efforts had been in all respects *bona fide*, and made with the absolute intent and purpose of collecting the debt through the ordinary processes of the courts of law if that were possible; and to that end it has long been held, and, we believe, universally held, that it is necessary to allege either that the execution had been issued to the sheriff of the county of defendant's residence, or to show exceptional facts which excused such action. The law has gone upon the theory that a debtor's possessions would be found in the county of his residence, and not elsewhere, and that the simple issuance of the execution to the sheriff of any connty other than that of defendant's residence does not show any *bona fide* attempt on the part of the creditor to collect the debt through the process of the law courts. By the appointment of a receiver the debtor is at once stripped of his property. It is taken from his control, passes into the hands of an instrumentality of the court, and is thenceforth devoted to such purposes as the court may direct. The remedy is at once harsh and somewhat oppressive. It is no hardship to the creditor that, before he should avail himself of any remedy that strips his debtor of control of his own property, he should be compelled to show that he had exhausted unsuccessfully all milder means. In this state, judgment entered in the District Courts in the various counties may be transferred to any other county in the state by simply taking a transcript of the original docket, and having it filed with the clerk of the court in the county to which it is desired to transfer the judgment. Thereafter executions may be issued thereon to the sheriff of any

county where the judgment is docketed.    See Comp. Laws, § §
5104, 5114.

It is obvious that it would be highly unjust to a debtor should a
creditor be allowed to issue execution upon a judgment to the
sheriff of some county remote from the debtor's residence, where
he had no place of business, and where he pretended to have no
property, and then, by simple return of such judgment unsatisfied,
the creditor should thereby become entitled to prosecute a pro-
ceeding in equity, and have a receiver appointed, and the
property of the debtor sequestered, when, at the same time, the
issuance of an execution in the county of the residence of the
debtor may have disclosed ample property for the satisfaction of
the debt.    It has been in some cases held sufficient, under excep-
tional circumstances, if the execution were issued to the sheriff of
the county wherein the judgment was obtained, or if issued to the
sheriff of any county wherever the debtor had any established
place of business.    But an examination of the complaint in this
case develops the fact that it is not stated where defendant's
residence is, it is not stated in what county judgment was obtained;
the whole extent and scope of the allegation being that the defen-
dant was a corporation created by the laws of this state, and that
at the time of the filing of the complaint in this case it was doing
business in Fargo.    It is further stated that the judgment was
obtained in the Third Judicial District.    In what county of that
district is not designated.    That the execution was issued to the
sheriff of Cass County, and returned unsatisfied.    It will be
noticed that this complaint contains no allegation of the residence
of defendant; no allegation that the defendant had any place of
business in the county to which execution was issued at the time
that the same was issued, and no allegation that the judgment
was obtained in the county to which the execution was issued.
We think that, in the absence of these allegations, plaintiff has
failed to present facts that authorize a court of equity to grant
him any relief through a receivership, and we reach this conclu-
sion the more readily in this case because of the fact that the

complaint does allege that the defendant has property in the State of North Dakota. There is no claim that this property is intangible or equitable in its nature, or of such a character that it might not readily be seized on an execution at law; and, if plaintiff had such knowledge of the existence of property of defendant's within the state, it certainly would have been an easy matter for him to have transferred his judgment to the county where such property might have been found, and have made an effort to seize the same on execution. And, in addition to this fact, shown in the complaint, it is shown by the answer, that thousands of dollars worth of unincumbered property belonging to defendant, consisting of live stock, may be found within the state. We think, under the pleadings as they stood at the time the final order was made, the court was unwarranted in appointing a permanent receiver of the property of defendant. That it is necessary that the execution should run in the county of defendant's residence, has been held in the following cases: *Reed* v. *Wheaton*, 7 Paige, 663; *Williams* v. *Hogeboom*, 8 Paige, 470; *Smith* v. *Fitch*, Clarke, Ch. 265; *Wilbur* v. *Collier*, Id. 315; *Fox* v. *Moyer*, 54 N. Y. 125; *Durand* v. *Gray*, 129 Ill. 9, 21 N. E. 610. In this latter case, in speaking of the purpose of the issuance and return of execution, the court said: "The purpose may be to establish a matter of fact merely,—that the defendant has or has not property whereon an execution may be levied. It is manifest—*First*, that if the plaintiff in execution knows that the defendant in execution has property in a particular county, he should send an execution to that county; *second*, the execution should be sent also to any and every county in which there is any legal presumption the defendant in execution has property. If a person resides and does business in the same county, it is legally presumed that he has property there, liable to execution, for ownership is presumed from possession, and insolvency is exceptional, and must always be proved." The question will be found quite fully discussed in this case from Illinois. It has sometimes been held that the existence of insolvency on the part of a debtor

precludes the necessity of the issuance of execution. *Payne* v. *Sheldon*, 63 Barb. 169; *Turner* v. *Adams*, 46 Mo. 95. There was an allegation of insolvency in the complaint in this case. The complaint was verified by an attorney on information and belief. The allegations of insolvency were in direct terms denied in the answer verified by an officer of the defendant. The admission of the judgment and the issuance and return of the execution as stated in the complaint would not necessarily show an insolvency, even under the definition of insolvency found in § 4661, Comp. Laws. We must therefore hold that, under the pleadings as they stood, the allegations of insolvency were successfully overcome.

We are clear that the court was not authorized in making the order from which the appeal was taken. A *fortiori*, was it without authority to make the original *ex parte* order. But the order making the receivership permanent terminated and extinguished the *ex parte* order, and the order making the receivership permanent is reversed, but without prejudice to another application for a receiver, should plaintiff be so advised. The District Court will direct the receiver to return to defendant all property of every character received by him as such receiver, and, when all property is thus accounted for, the receiver will be discharged.

Reversed. All concur.