HIRSCH, ELSON & COMPANY and KAHN BROTHERS & COMPANY v. M. B. ISRAEL, MAURICE DES PRES, et al., Appellants.

**Creditors' Suit:** FRAUDULENT CONVEYANCE: *Possession of debtor.* Code, 1873, sections 3150-3152, authorizing a judgment creditor to bring equitable proceedings to subject property of the debtor to payment of the judgment, and providing that persons holding property in which the judgment debtor has any interest may be made defendants and that a lien shall thereby be created on the property of the judgment debtor in the hands of any defendant or under his control, applies to cases where the judgment debtor has possession of the property himself.

RECEIVER. A suit in equity by judgment creditors for the purpose of subjecting personalty in the possession of the debtor, and claimed to have been fraudulently mortgaged, to the payment of the plaintiff's judgment, affords a sufficient basis for the appointment of a receiver.

SAME. The appointment of a receiver in an action by judgment creditors to subject to the lien of their judgments personalty in the possession of the debtor and claimed to have been fraudulently mortgaged will not, independent of statute, be denied on the ground that the plaintiffs had an adequate remedy at law by levy and sale under execution, since such remedy is not exclusive.

EVIDENCE. A mortgagor of a stock of goods retained possession and control of them, and the mortgage gave him the right [to sell them, and replenish the stock and retain from the sale sufficient money to pay current expenses, and to pay for his own time and family living expenses. *Held,* that a petition by a judgment creditor of the mortgagor to set aside the mortgage, alleging fraud and the insolvency of the mortgagor, is, under such facts, a sufficient showing, on the giving of security, for the appointment of a receiver, under Code, 1873, section 2903, providing for such appointment where the party shows a probable right or interest in the property, and that such property is, or its rents or profits are, in danger of being lost or injured, and when the interest of one or both parties will be promoted thereby, and the substantial rights of neither unduly infringed.

*Appeal from Cass District Court.*—HON. N. W. MACY, Judge.

THURSDAY, OCTOBER 20, 1898.

SUIT in equity by two judgment creditors of M. B. Israel to subject certain personal property in his possession to the payment of their judgments, and for the appointment of a receiver. The other defendants, aside from Israel, are mortgagees of the property. It is alleged in the petition that these mortgages are fraudulent; that Israel is insolvent; and that he retains possession and control of the mortgaged property, the proceeds of which he is applying to his own use. The petition further recites that plaintiffs caused execution to issue upon their judgments, and to be levied upon the property, and that defendants thereupon served written notice upon the sheriff requiring him to release the same; that they thereupon caused an original notice and copy of the petition to be served upon M. B. Israel, the party in possession of the property. Defendants filed a resistance to the application for a receiver, in which they denied the alleged fraud, and further stated that plaintiffs had no lien upon the property; that the property was not of sufficient value to pay all mortgages in full except by the most judicious management; that they will suffer irreparable injury if the goods are placed in the hands of a receiver; that plaintiffs have a plain,

speedy, and adequate remedy at law; that Israel was in posses-
sion of the goods as agent of the mortgagees, and was selling
the same, and with the proceeds satisfying the mortgage
indebtedness; that plaintiffs have no interest in the goods
except as there may be a surplus over and above the mortgage
indebtedness; and that there will be no surplus. Upon the
issues thus tendered, the application was submitted to the
court, resulting in an order appointing a receiver for the
mortgaged property. Defendants appeal.—*Affirmed.*

*Curtis, Follett & Curtis* and *J. B. Rockafellow* for
appellants.

*Phelps & Temple* for appellees.

DEEMER, C. J.—The first point made by appellants is
that appellees have no lien upon the property, and are there-
fore not entitled to the appointment of a receiver. The pro-
ceeding was commenced for the purpose of canceling
the mortgages, and subjecting the property to the pay-
ment of appellees' judgments. Such proceedings seem
to be authorized by section 3150 and 3151 of the Code of
1873; and section 3152 of the same Code provides that a lien
is created upon the property of a judgment debtor, or his inter-
est therein, in the hands of the defendant or under his con-
trol, which is sufficiently described in the petition, from the
time of service of notice and copy of petition on the defendant
holding or controlling such property. Appellants contend
that these sections of the Code do not apply to a case where
the defendant has possession of the property. We are inclined
to think they do. See *Ware v. Delahaye,* 95 Iowa, 667. But,
if they do not, then it is clear that plaintiffs had the right to
bring a suit in equity, independent of statute, for the pur-
pose of subjecting the property to the payment of their judg-
ments; and such suit would be a sufficient basis for the
appointment of a receiver. *Falker v. Linehan,* 88 Iowa,
641; *O'Brien v. Slambach,* 101 Iowa, 40; Beach Modern
Equity Jurisprudence, sections 883, 885, 887, 925; Wait

Fraudulent Conveyances, sections 61, 68, and cases cited in notes.

Again, it is insisted that plaintiffs had a plain, speedy, and adequate remedy at law, by levy and sale under execution. It has frequently been decided that a mortgagor of personal property has no such interest in it as that it may be seized and sold under execution. The Twenty-first General Assembly passed an act relating to levies upon mortgaged personal property which allows such property to be seized and sold under certain conditions not necessary to be more particularly mentioned. But we have already held that such proceeding is not exclusive. *Buck-Reiner Co. v. Beatty,* 82 Iowa, 353; *Hibbard v. Zenor,* 75 Iowa, 479; *Clark v. Palton,* 92 Iowa, 247, and cases cited; *Geirshofer v. Nupuf,* 105 Iowa, 374; *Thomas v. Farley,* 76 Iowa, 735. We are well satisfied that when, as in this case, it is, claimed the mortgages are fraudulent, a judgment creditor is not compelled to make his levy under the provisions of chapter 117 of the Acts of the Twenty-first General Assembly, but may proceed by garnishment when the property is in the hands of a third person, or by creditors' bill or other equitable proceedings when the property is in the possession of the judgment defendant; and that, when he does proceed by creditors' bill or other action in equity, he acquires such a right to or apparent lien upon the property as will support an application for the appointment of a receiver.

Appellants further contend that no such showing was made as entitled appellees to the appointment. Section 2903 of the Code of 1873 provides for the appointment of a receiver in a civil action upon petition wherein the party shows that he has a probable right to or interest in any property which is the subject of controversy, and that such property or its rents or profits are in danger of being lost or materially injured or destroyed, and the court is satisfied that the interests of one or both parties will be thereby promoted, and the substantial rights of neither unduly infringed, and upon the whole case may make such order as

will be for the best interest of all parties concerned.   By the
terms of the mortgage, Israel was given the right to remain in
possession of the mortgaged goods, and he expressly reserved
from the sale sufficient to pay current expenses of the store,
rent, insurance, clerk hire, fuel, light, etc., to purchase
necessary goods for replenishing stock, and for his own time
and living expenses for himself and family, and actual attor-
ney's fees necessary for his protection.   While this reserva-
tion probably did not of itself render the mortgage fraudulent,
yet it is a crcumstance to be considered in connection with the
other evidence in the case tending to show fraud.   And as the
mortgagor is insolvent, and has complete control of the goods
and of the proceeds arising therefrom, we think the court
was justified in appointing the receiver, especially in view of
the fact that plaintiffs were required to file bond in the sum
of eight hundred dollars to protect defendants from loss
or damage growing out of the order of appointment.   The
general rule seems to be that a receiver will be appointed in
creditors' suits when the property is in danger of waste,
almost as a matter of course.   Wait Fraudulent Convey-
ances, section 184; *Farnham v. Campbell,* 10 Paige, 601;
*Lent v. McQueen,* 15 How. Prac. 313; *Minkler v. Sheep Co.,*
4 N. D. 507; 33 L. R. A. 546 (62 N. W. Rep. 594) and
cases cited; 5 Enc. Pl. & Prac. p. 593, and cases cited; *Blood-
good v. Clark,* 4 Paige, 574.   In view of the allegations of
fraud and insolvency, we think the trial court was right in
appointing the receiver, and its order is AFFIRMED.