FRANK J. LANGER and William Langer, Appellants, v. FARGO MERCANTILE COMPANY, a Corporation Dissolved, T. A. Quirk, C. O. Follett, and Croil Hunter, Directors and Trustees of Fargo Mercantile Company, a Corporation Dissolved, Fargo Mercantile Company, a Corporation, T. A. Quirk, C. O. Follett, and Croil Hunter, Directors of Said Fargo Mercantile Company, a Corporation, Respondents.

(174 N. W. 90.)

**Corporations — receivership — grounds for denial of receivership.**

In this case the judge is commended for refusing to appoint a receiver, be-

cause it would have done the plaintiffs no possible good, and it would have done the defendants a great and manifest injury.

Opinion filed July 16, 1919.   Rehearing denied September 8, 1919.

Appeal from an order of the District Court of Cass County, Honorable *A. T. Cole,* Judge.

Affirmed.

*W. S. Lauder,* for appellants.

Under § 4567 the directors of a dissolved corporation become trustees of its assets only in case other persons are not appointed by the court.   Besides the subject of trusts is, and always has been, one peculiarly of equitable cognizance.   Perry, Trusts, § 240; Fatjo v. Swasey (Cal.) 44 Pac. 225.

"Corporations whose charters expire by limitation may continue to act for the purpose of winding up their affairs, but this does not preclude a court of equity from winding up the affairs of such corporation when necessitated by internal dissensions in the corporation."   Stewart v. Pierce (Iowa) 89 N. W. 240.

A court of equity can wind up the affairs of a dissolved corporation only through receivers or trustees appointed by itself.   Stewart v. Pierce (Iowa) 89 N. W. 240; Vila v. Grand Island Electric Co. 94 N. W. 136; Vila v. Grand Island Electric etc. Co. (Neb.) 97 N. W. 613; French Bank Case, 63 Cal. 495; People v. Judge of St. Clair Circuit Ct. 31 Mich. 456; Republican Mountain Silver Mines v. Brown (U. S. Circuit) 24 L.R.A. 776; Dodge v. Woolsey, 15 L. ed. U. S. 401; Robinson v. Smith (N. Y.) 24 Am. Dec. 732; Ellwood v. First Nat. Bank (Kan.) 21 Pac. 673; Cameron v. Groveland (Wash.) 54 Pac. 1128; Columbus etc. Dredging Co. v. Washed Bar etc. Co. 136 Fed. 710.

Trustees cannot lawfully sell the trust property to themselves nor to a corporation in which they are interested.   Comp. Laws 1913, § 6282.

That a trustee may not lawfully deal with the trust property for his own advantage, or for the advantage of a company or corporation in which he had a personal interest, see the following authorities: Clendenning v. Bank (N. D.) 86 N. W. 116; Anderson v. First Nat. Bank (N. D.) 64 N. W. 114; McKay v. Williams (Mich.) 35 N. W. 159; Kimball v. Ranney (Mich.) 80 N. W. 992; King v. Remington

(Minn.) 29 N. W. 352; Stettnische ·v. Lamb (Neb.) 26 N. W. 374; Veeder v. McKinley, L. Loan & T. Co. (Neb.) 86 N. W. 982; Frazier v. Jeakins (Kan.) 57 L.R.A. 575; Ferguson v. Gooch (Va.) 40 L.R.A. 234; Kindman v. O'Connor (Ark.) 13 L.R.A. 490; Moore v. Mandlebaum (Mich.) 8 Mich. 432; Wormley v. Wormley (U. S.) 5 L. ed. 651; Harding v. Handy (U. S.) 6 L. ed. 429 (Chief Justice Marshall); Michaud v. Girod (U. S.) 11 L. ed. 1076. See particularly column 2, p. 1098, one of the three leading cases of this country; Richardson v. Jones (Md.) 22 Am. Dec. 293; Cumberland Coal & I. Co. v. Sherman (N. Y.) 30 Barb. 553; Gardner v. Odgen, 22 N. Y. 327, 78 Am. Dec. 192; Barnes v. Lynch (Okla.) 59 Pac. 995; Bruner v. Finley (Tenn.) 41 Atl. 334; Sage v. Culver (N. Y.) 41 Atl. 513; Wayne Pike Co. v. Hammons (Ind.) 27 N. E. 487; Francis v. Cline (Va.) 31 S. E. 17; Ferguson v. Gooch (Va.) 26 S. E. 397; Loud v. Winchester (Mich.) 17 N. W. 784.

"The good will of a business is property transferable like any other property." Comp. Laws, § 5466; Mapes v. Metcalf, 10 N. D. 601.

"The good will of a business is an asset and cannot be appropriated by majority stockholders." 2 Cook, Corp. § 641, p. 1835; Trentman v. Wahrenburg (Ind.) 65 N. E. 1060.

"The good will of a business is the expectation of continued public patronage. It is property transferable like any other property." Merchant's Ad. Sign Co. v. Sterling, 57 Pac. 468, 71 Am. St. Rep. 94; Knoedler v. Bossuod, 46 Fed. 465.

*Watson, Young, & Conmy,* for respondents.

The old corporation, the Fargo Mercantile Company, ceased to exist as a legal entity upon the expiration of its charter on April 1, 1915. Under our statute it had no further corporate existence. See MacRae v. Kansas City Piano Co. (Kan.) 77 Pac. 94; Kurtz v. Paoli Town Co. 20 Kan. 397; Paoli Town Co. v. Kurtz, 22 Kan. 726; Eagle Chair Co. v. Kelsey, 23 Kan. 631; McCulloch v. Norwood, 58 N. Y. 562; Sturges v. Vanderbilt, 73 N. Y. 384; Venable Bros. v. Southern Granite Co. (Ga.) 69 S. E. 822; Crossman v. Vivienda Water Co. (Cal.) 89 Pac. 335; Newhall v. Western Zinc Min. Co. (Cal.) 128 Pac. 1040; Lowe v. Superior Ct. (Cal.) 134 Pac. 190; Root v. Sweeney, 12 S. D. 43; Miami Exporting Co. v. Gano, 13 Ohio, 271; United States v. Spokane Mill Co. 206 Fed. 999; National Bank v. Colby, 21 Wall. 609; Marion

Phosphate Co. v. Perry (C. C. A.) 74 Fed. 425; Harris-Woodbury Lumber Co. v. Coffin (C. C. A.) 179 Fed. 257; Robinson v. Mutual Reserve L. Ins. Co. (C. C. A.) 182 Fed. 850; Olds v. City Trust Co. (Mass.) 70 N. E. 1022; Merrill v. President, etc. 31 Me. 57, 50 Am. Dec. 649; Combes v. Milwaukee & M. R. Co. (Wis.) 62 N. W. 89; May v. State Bank, 2 Rob. 56, 40 Am. Dec. 726; Thornton v. Marginal Freight R. Co. 123 Mass. 32 (syllabus); Gulledge Bros. Libr. Co. v. Wenatchee Land Co. (Minn.) 132 N. W. 992; Sinnott v. Hanna, 141 N. Y. Supp. 505.

The Kansas statute and our own were before our court in Murphy v. Missouri & K. L. Co. 28 N. D. 519, 149 N. W. 957, same case, second appeal, Murphy v. Wilson, 163 N. W. 820. See also: 2 Beach, Corp. § 780; 17 Enc. Pl. & Pr. p. 722, as follows: "Notice must be served upon the debtor and other parties to the suit who are interested in the property adversely to the applicant." People v. O'Brien, 111 N. Y. 1.

We know of no authority for a court to appoint a receiver of property vested in trustees, without cause and without notice to them, or opportunity afforded to defend their title and possession. Stuart v. Palmer, 74 N. Y. 184; Ferguson v. Crawford, 70 N. Y. 256. See also Bank v. Walker, 66 N. Y. 428.

"In a suit by a stockholder, a receiver will not be appointed to take the property out of the hands of the managers, except as a last resort and when it is considered absolutely necessary for the preservation of the trust fund." 1 Pom. Eq. Rem. § 121.

In State Invest. & Inc. Co. v. Superior Ct. (Cal.) 35 Pac. 549, the supreme court of that state granted an application for an original writ of prohibition against the appointment of a receiver by the lower court.

"While it is true that the defendant, as a director of the corporation, was bound by all those rules of the conscientious fairness which courts of equity have imposed as the guides in dealing in such cases, it cannot be maintained that any rule forbids one director among several from loaning money to the corporation when the money is needed and the transaction is open and otherwise free from blame." Buell v. Buckinham, 16 Iowa, 284; Hallam v. Hotel Co. 56 Iowa, 178, 9 N. W. 111; Garrett v. Plow Co. 70 Iowa, 697, 29 N. W. 395; Smith v. Lansing, 22 N. Y. 520; Duncomb v. Railroad Co. 84 N. Y. 190; Welch v. Bank,

122 N. Y. 177, 25 N. E. 260; Hotel Co. v. Wade, 97 U. S. 13; Stratton v. Allen, 16 N. J. Eq. 229; Sims v. Railroad Co. 37 Ohio St. 556; Busby v. Finn, 1 Ohio St. 409; Stark v. Coffin, 105 Mass. 328; Holt v. Bennett, 146 Mass. 439, 16 N. E. 5; Saltmarch v. Spaulding, 147 Mass. 245. For other cases in applying the same rule, see: Savage v. Madelia Farmer's Warehouse Co. (Minn.) 108 N. W. 296; Troy Min. Co. v. White (S. D.) 74 N. W. 236; Twin-Lick Oil Co. v. Marbury, 91 U. S. 587; Barr v. Pittsburg Glass Co. 57 Fed. 86; Louisa Co. Nat. Bank v. Traer (Iowa) 16 N. W. 120; Stratton v. Allen, 16 N. J. Eq. 229; Smith v. Ferries & C. H. R. Co. (Cal.) 51 Pac. 710; Copsey v. Sacramento Bank (Cal.) 66 Pac. 7; Singer v. Salt Lake City Copper Mfg. Co. (Utah) 53 Pac. 1024; Oil Co. v. Marbury, 91 U. S. 587; Sims v. Petaluma Gaslight Co. (Cal.) 62 Pac. 300; International Wrecking & Transp. Co. v. McMorran (Minn.) 41 N. W. 510; Barr v. New York, L. E. & W. R. Co. (N. Y.) 26 N. E. 145; San Diego, O. R. & P. B. R. Co. v. Pacific Beach Co. (Cal.) 44 Pac. 333; Cannon v. Brush Electric Co. (Md.) 54 Atl. 121; Robotham v. Prudential Ins. Co. (N. J.) 53 Atl. 842; Manufacturers Sav. Bank v. O'Reilly, 10 S. W. 865; Kelly v. Newburyport & A. H. R. Co. (Mass.) 6 N. E. 745; Roy & Co. v. Scott Hartley & Co. (Wash.) 39 Pac. 679; Hill v. Nisbet, 100 Ind. 341; Brewer v. Michigan Salt Asso. (Mich.) 25 N. W. 374; Fudickar v. East Riverside Irr. Dist. (Cal.) 41 Pac. 1024.

"We have found no case, and plaintiff's counsel have not cited any case, in which it has been held, under a statute like ours, that good will survived the death of the corporation." Greene v. Bennett (Tex.) 110 S. W. 108.

The act of liquidation destroys the value of such good will, as a value separate and apart from the value of the tangible assets. Centralia Nat. Bank v. Marshall, 26 Ill. App. 440.

ROBINSON, J. In this case there is no question concerning either the facts or the law. It is an appeal from an order of the district court denying a motion to remove the defendants as trustees of the Fargo Mercantile Company and to appoint a receiver for the company. Its corporate stock was 2,500 shares or $250,000. F. J. Langer owns 25 shares; William Langer, 100 shares. The affairs of the company had been so well managed for many years that its stock paid a dividend of

25 per cent. Its life term of twenty years expired on April 1, 1915,. and without noticing the lapse of time the company continued and did business as a *de facto* corporation until August 13, 1918. Then all the stockholders, excepting the Langers, formed a new corporation by the name of "Fargo Mercantile Co." The business of the company was a valuable asset, and the new company took over and conducted the same as the heir or legal successor of the old company. In the reorganization the new company left out the plaintiffs and tendered them only the par value of their stock in the old company, though it was apparently worth much more than its par value. Then the trustees proceeded to sell to the new corporation of which they were officers all the property of the old corporation, and to conduct the business in just the same manner as if the new corporation were the legal successor of the old corporation. Now, of course, it goes without saying that the new corporation cannot in that way freeze out the Langers. They are entitled to receive either the full value of their stock or to share in the new corporation according to their stock the same as all the other members. The old corporation has always been perfectly solvent, and it has paid large dividends, commonly 25 per cent a year, and in truth the new corporation is merely the old corporation under the same name only that the letters "Co." are used for company. However, as the new company is perfectly solvent and as it has given a good bond in the sum of $35,000 to pay any judgment that the plaintiff may recover, there is no reason for appointing a receiver. Such an appointment would have done the plaintiffs no good and it would have done the new company a great and manifest wrong. Hence the court denied the motion, and of course that was perfectly right, and of course there was not the least reason or excuse for this appeal, nor was there any reason for counsel referring to the trustees and managers of the old corporation as crooks, thieves, and pirates. Crooks do not commonly manage a corporation so as to make its stock pay 25 per cent dividend.

Order affirmed and case remanded forthwith.

GRACE, J. I concur in the result.

Justice BRONSON, being disqualified, did not participate, Honorable J. M. HANLEY, of the Twelfth Judicial District, sitting in his stead.

BIRDZELL, J. (concurring). The main facts in this case have been briefly stated in the opinion prepared by Mr. Justice Robinson. The writer concurs in that opinion, but in order that the contentions of appellants' counsel upon this appeal may be more fully stated and considered, a supplemental statement is thought necessary.

In the complaint, relief is prayed for as follows: (1) That defendants Quirk and Follett be adjudged trustees of the property of the old corporation; (2) that they be required to account, as trustees, for the property of the old corporation; (3) that the pretended sale of the property to the new corporation be adjudged null and void; (4) that the assets of the old corporation, including the good will of the business, be sold and the proceeds applied to the payment of debts and the residue distributed among the stockholders; (5) that a receiver be appointed to take possession of the property, effects, and assets of the old corporation for the purpose of preserving them for the benefit of those entitled to share in the distribution, and to the end that the same may be so handled as to yield the largest returns for the stockholders of the old corporation; and (6) for such further relief as may be found to be equitable.

While the record does not seem to disclose a demand on the part of the plaintiffs for the furnishing of security by the defendants Quirk and Follett to guarantee the performance of their duty as trustees, the order appealed from states that at the plaintiffs' request the defendants Quirk and Follett are required to give bond to secure the performance of their duty as trustees, and to secure such judgment as the plaintiffs may obtain in the action. The order requires a bond in the sum of $35,000 to be given within ten days, which order was complied with.

It appears that after the order had been made denying the appointment of a receiver and requiring the defendants to furnish a bond as above, plaintiffs' attorney requested the court to prepare findings of fact and conclusions of law, and that, in conformity with such request, findings and conclusions were made, the substance of which are: that the old corporation ceased to exist on April 1, 1915, and through a mistake of fact the business was conducted as formerly until about August 9, 1918, when three of the directors, Quirk, Follett, and Croil Hunter, together with an employee, organized the new corporation; that thereafter the three directors named, without consulting plaintiffs, made a

pretended sale of the assets of the old corporation to the new; and that preliminary to the sale they caused a valuation to be made which was without careful inquiry or consideration.   The conclusions of law are that Quirk, Follett, and Croil Hunter have at all times been and now are trustees in charge of the assets of the old corporation and accountable as such; that the transfer to the new corporation is void and of no effect; that the assets, including the good will of the business, is still the property of the stockholders of the old corporation; that the valuation is fraudulent in law as to the plaintiffs; that the new corporation is conducting and controlling the business in trust for the stockholders of the old; that the appointment of a receiver, pending final determination of the action, would injure the business and depreciate its value; and that no receiver should be appointed pending the determination of the value of the interests of the plaintiffs, but that one should later be appointed after the determination of the issues in the action, for the purpose of making a sale of the assets of the old corporation, including its good will.

The only question presented on the record upon this appeal involves the correctness of the order denying the appointment of a receiver before the trial of the action.   The main arguments advanced by the appellant are:  (1) That on account of the unlawful attempt to trans-. fer the effects of the old corporation to the new, the defendants should not be continued as trustees; and (2) that the court should have availed itself of the statutory power which it is alleged it possessed to appoint a receiver *pendente lite*.   The first argument largely involves considerations of expediency, and must be weighed in the light of the practical consequences which would follow the appointment of a receiver or a new trustee.   It has been answered in the opinion of Mr. Justice Robinson, and, while nothing more need be said at this stage of the litigation, it might be added that, in view of the long period of successful management of the business by the directors of the old corporation who are continued in the new, there is only a very remote probability, especially in view of the bond, that the plaintiffs will ultimately sustain any loss by reason of continuing the directors of the old corporation as trustees. No necessity whatever appears to exist for disturbing the continuity of the management under which the business has been successful in the past, and upon which its future success so largely depends.

Our attention is called to the various sections of the statute controlling the conduct of trustees, and the extent to which the trustees in question have violated their obligations as expressed in the statutes is elaborated. For every breach of such an obligation, the plaintiffs, of course, have their remedy; in fact, it is available in this action, for the principal prayer of relief is for the declaration of a trusteeship and for an accounting. The defendants, in their answer, acknowledge the trust relationship and join in the prayer for an accounting. It is difficult, indeed, to see how the plaintiffs can gain any advantage in protecting their rights through a change of trustees at this time. The trust is obviously a trust for the purpose of winding up the affairs of the old corporation, and they have already been largely wound up unwittingly by the continuous conduct of the business in ignorance of the fact that the old corporate charter had expired. Whatever remains to be done in this direction, however, can readily be done without the intervention of new trustees and without sacrificing in any way the rights or interests of the plaintiffs. In these circumstances, the same practical considerations that weigh against the appointment of a receiver likewise suggest the inadvisability of appointing new trustees. A different situation might be presented if beneficiaries of an active trust requiring a long period of future administration were seeking a change of trustees on account of past violations of duty. Here it is conceded in the answers that the trustees are accountable for their failure to fulfil their duties in the respects contended for, and those violations will become material in considering the account, but they cannot be mended or recompensed at this time by changing the trustees. Breach of trust does not, in all circumstances, necessitate the removal of a trustee. See 1 Perry, Trusts & Trustees, 6th ed. § 276a; 2 Story, Eq. Jur. 13th ed. § 1289; Lathrop v. Smalley, 23 N. J. Eq. 192; Re O'Hara, 62 Hun, 531, 17 N. Y. Supp. 91. In considering the appellants' desire for a change of trustees, at this time, we are compelled to be mindful of the fact that there are other beneficiaries than the plaintiffs. Some authorities even go to the extent of holding that where a majority of the beneficiaries may desire a change of trustees, application for removal will not necessarily be granted. In all cases, the primary consideration is the welfare of the beneficiaries as a whole, and the trustees will or will not be removed depending upon the necessity for such

action in order to protect the trust estate. See Letterstedt v. Broers (1884) L. R. 9 App. Cas. 371, 53 L. J. P. C. N. S. 44, 51 L. T. N. S. 169; Re Wrightson [1908] 1 Ch. 789, 77 L. J. Ch. N. S. 422, 98 L. T. N. S. 799.

But the counsel for the appellants contends that a receiver should have been appointed under one of three subdivisions of § 7588, Compiled Laws of 1913. This section authorizes the appointment of a receiver on application of a plaintiff seeking to subject property or a fund to his claim when it is shown that the same is in danger of being lost, removed, or materially injured; also, in the cases provided in the Code of Civil Procedure, when a corporation has been dissolved or has forfeited its corporate rights, and in other cases where receivers have been appointed by the usages of courts of equity. It is quite apparent that the trial court has not abused any discretion it may have had to appoint a receiver under any of the subdivisions referred to. From the facts already stated, it is clear that the plaintiffs are not attempting to charge any fund in which they are interested that is in danger of being lost, removed, or materially injured, and there is consequently no occasion for a receivership on this ground.

Section 4565 of the Civil Code states that a corporation may be dissolved in any one of three different ways,—(1) by the expiration of the time limited by its articles of incorporation; (2) by involuntary dissolution provided for in chapter 27 of the Code of Civil Procedure; and (3) upon voluntary application. The dissolution in the instant case was effected by the expiration of the time limited in the charter, and the trusteeship results by operation of law, as provided in § 4567 of the Civil Code. This, therefore, is not an instance in which the court is authorized to appoint a receiver under subdivision 5 of § 7588, Code of Civil Procedure. That subdivision clearly relates to cases in which a receivership may be necessary where an action is brought to dissolve a corporation or to secure a forfeiture of its franchise under chapter 27 of the Code of Civil Procedure. By the express language of the subdivision, it is so limited; for it states that a receiver may be appointed by the court "in the cases provided in this Code," etc., clearly referring to the Code of which the section is a part; namely, the Code of Civil Procedure.

Nor is this a case for the appointment of a receiver under subdivi-

sion 6 of § 7588. This subdivision merely authorizes the appointment of a receiver according to the usages of courts of equity, and certainly there is no occasion for a receiver to be appointed when trustees authorized by law to administer the trust estate have already been designated by operation of law and when they are fully subject to the control of the court in executing the trust. The parties are all before the court in this action, and the court has ample supervisory power, capable of being exercised over the acts of the defendants in the administration of the trust, to prevent any sacrifice of the plaintiff's interests. Consequently the receivership is wholly unnecessary. A receivership ordinarily terminates an existing possession where its continuation is likely to prove hazardous. The facts presented here do not, in our opinion, warrant taking this step.

HANLEY, District Judge, concurs.

CHRISTIANSON, Ch. J. (concurring). I concur in an affirmance of the order appealed from, for the reasons stated in the opinion prepared by Mr. Justice BIRDZELL.