[File No. 6209.]

L. R. BAIRD, as Receiver of the First State Bank of Stanton, Stanton, North Dakota, Respondent, v. AGRICULTURAL CREDIT CORPORATION, FARGO, NORTH DAKOTA, a Corporation, and the Guaranty Corporation, a Corporation, Fargo, North Dakota, Appellants.

(253 N. W. 164.)

Opinion filed February 16, 1934. Rehearing denied March 10, 1934.

*Shure & Murphy,* for appellants.

*Floyd B. Sperry* and *Zuger & Tillotson,* for respondent.

BURR, Ch. J. The plaintiff, is the receiver of the First State Bank of Stanton. This complaint shows him to be the assignee of twenty-four claims against the defendant corporations, said to have originated as follows:

The Mercer County Agricultural Credit Corporation loaned to the assignors certain sums of money taking as evidence their promissory notes and agreeing that the makers of the notes would be required to pay but ninety per cent. of the sum set forth in the notes, with interest on this ninety per cent. at a specified rate. To secure the payment of these notes chattel mortgages were executed. These notes and mortgages were "later sold, transferred and delivered for a valuable consideration, to the Agricultural Credit Corporation of Fargo, North Dakota, one of the defendant corporations herein; that at the time of said transfer the Agricultural Credit Corporation of Fargo entered into the same

agreement," to the effect that the maker was to pay but "ninety per cent. of the face amount of said note, less the accumulated interest on the remaining per cent." to be determined at the same date provided for in such note, and its renewals; that said notes were renewed from time to time and at each renewal it was agreed that the maker would be required to pay but ninety per cent. of the note less the interest on the remaining 10%; that thereafter the Agricultural Credit Corporation demanded "the payment of the renewal amount of said note . . . with interest thereon" that the maker then "contrary to his will and because of the agreement" under which his loan was made "was compelled to pay the full amount of the note," and thus was overcharged; "that the defendant corporations have practically the same officers, occupy the same offices, and do business as one corporation, and are now acting as such under the name of the defendant Guaranty Corporation;" that the defendants have consolidated and continue to operate under the name of the Guaranty Corporation; that "certain proceedings were had by these defendants, whereby The Agricultural Credit Corporation, and the Guaranty Corporation consolidated, through various means, steps and other corporations, and changed into the Guaranty Corporation above named, and all of the property of the said Agricultural Credit Corporation was handed over and transferred to the said Guaranty Corporation, the particular acts and steps taken by these defendants to accomplish such result being unknown to the Plaintiff, but the result being that the said Guaranty Corporation became possessed of and continued to control all of the property, real, personal and mixed, of said Agricultural Credit Corporation, and is now the real party in interest in the matters and things hereinafter set forth;" that all of these claims have been assigned to the plaintiff as receiver of the bank and he is the holder of the same as such receiver.

The plaintiff then asks for judgment against the defendants in the sum of $2,085.00 with interest and prays that the court "issue its restraining order and commanding the defendants from the further commission of the acts complained of, and that they be ordered and directed to hold their property in statu quo, and intact until the further determination of this court, and that this court appoint a Receiver of the defendant corporations."

"That the plaintiff have such further and additional relief as may

seem just and equitable to the court, and for plaintiff's lawful costs and disbursements in this action."

At the same time the plaintiff filed an affidavit containing similar allegations praying: "That the Court herein appoint a Receiver for the purpose of taking possession of all of the property of the defendants, and both of them, both real and personal, including its notes, mortgages, and all of its monies, and for the purpose of operating, conducting and liquidating its affairs in behalf of the plaintiff herein, and others similarly situated."

The court made an order to show cause why the receiver should not be appointed, ordering a temporary injunction to restrain and enjoin the defendants "from paying out any funds or transferring any property, or disposing of any of the assets or property in the custody of the defendants," until further ordered by the court.

On the date set for hearing the plaintiff filed an additional affidavit on information and belief stating that the above corporations "are insolvent or in imminent danger of insolvency, and have forfeited their corporate rights by their manner of handling the 10% collected from borrowers, and their manner of handling all of their property, including the said 10%, and in the general conduct of their business; that there is dissension among the stockholders of said corporation, and the owners of interest in the property thereof, and that the officers in charge have the controlling stock therein, and that due to such waste and destruction of the corporate property by the defendants, these affiants are informed and verily believe that the affairs of such defendants, and each of them, should be liquidated by a disinterested person appointed by the Court; that there are a large number of other borrowers and owners of interests similar to those of the Plaintiff herein, who, with the Plaintiff, have no adequate remedy at law."

On the eighth day of May 1933 the court appointed a receiver and on the twelfth day of May defendants gave notice of motion to vacate the appointment.

The defendants filed their answer in April and on May 12 furnished an affidavit of H. C. Aamoth, the President of the Guaranty Corporation and a director of the Agricultural Credit Corporation. The affidavit denies that any such agreement to repay or refrain from collecting the 10% of the face of the notes was ever made; denies that the

defendant corporations "ever consolidated or ever did business as one corporation, or that they are now or ever have acted under the name of the defendant, the Guaranty Corporation, and denies that all of the property of the defendant, Agricultural Credit Corporation, was handed over and transferred to the defendant, The Guaranty Corporation, and denies that the said The Guaranty Corporation became and is possessed of and continues to control all of the property of the defendant Agricultural Credit Corporation;" denies that the said corporations are damaging or destroying any property, or that they are insolvent and in imminent danger of insolvency, or that any action has ever been brought to dissolve said corporations, or either of them or to forfeit their corporate charters; denies the defendants have any property or fund subject to any claim against either of them, and that the only claim the plaintiff has, as shown by the complaint is an action for money and that the defendants offer to furnish "a good and sufficient surety bond in an amount sufficient to pay any judgment which plaintiff may finally obtain in said action, and any costs and damages to which he may be finally adjudged entitled."

The court denied the motion to vacate the order appointing the receiver, and as stated by the appellant "this is an appeal from the Order of the District Court, made and entered in the above entitled action on the 8th day of May, 1933, appointing and designating a receiver of the above named corporations and enjoining and restraining the said corporations from transferring any funds or disposing of any assets or property, and from an order entered in said action on the 31st day of May, 1933, denying the motion of the defendants, corporations, to vacate and annul and set aside the order made on the 8th day of May, 1933."

Section 7588 of the Compiled Laws says "A receiver may be appointed by the court in which an action is pending" in one or more of six different ways. Of these subdivisions 1 and 5 are said by the plaintiff to be applicable to the case at bar.

Subdivision 1 says that the receiver may be appointed "in an action . . . by a creditor to subject any property or fund to his claim . . . and when it is shown that the property or fund is in danger of being lost, removed or materially injured."

This subdivision has no application to the case at bar. This is an

action to recover money said to have been paid under compulsion. It is an action for a money judgment. There is no "property or fund" set forth in which the plaintiff has a special interest or to which he has shown any right. He shows no lien nor right to a lien. He does not claim there is a fund in which he should share. The only "property or fund" shown is the property belonging to the defendants. He has shown no more right to share in this "property or fund" than any creditor shows a right to share in the "property or fund" belonging to an insolvent debtor. Any creditor who recovers judgment may have execution issued and levy upon the property of his debtor. The plaintiff has shown no more right to the property of the defendants than any general judgment creditor would have. He seeks to have a receiver appointed to take charge of the property of those whom he hopes to make judgment debtors. Under the provisions of subdivision 1 of this section a receiver cannot be appointed in such cases. See Barrett v. Pollak Co. 108 Ala. 390, 18 S. 615, 54 Am. St. Rep. 172; International Trust Co. v. United Coal Co. 27 Colo. 246, 60 P. 621, 83 Am. St. Rep. 59; Uhl v. Dillon, 10 Md. 500, 69 Am. Dec. 172.

Plaintiff says subdivision 5 is applicable. This subdivision says that a receiver may be appointed by the court in which an action is pending "in the cases provided for this code, where a corporation has been dissolved, or is insolvent or in imminent danger of insolvency, or has forfeited its corporate rights. . . ."

It is not claimed that either of the defendant corporations has been dissolved; nor is it seriously contended that either has forfeited its corporate rights. However in neither case is this subdivision applicable to the case at bar. In Langer v. Fargo Mercantile Co. 43 N. D. 237, 174 N. W. 90, the court held that such provision is applicable only to cases where a receiver may be appointed in cases provided by the Code of Civil Procedure of this state. Such cases are set forth in chapter 27 of such Code, dealing with "actions by and against corporations." Article 3 of this chapter makes provision for the bringing of an action by the State against an insolvent corporation to dissolve the same, and makes provision for the appointment of a receiver in such case. Clearly this article does not apply. Article four makes provision for proceedings for various causes—one of which is when it has forfeited its privileges—and provides for the appointment of a receiver; but in

such case the action must be brought by the state, or by any private person in the name of the state, on leave granted therefor by the district court. Sec § 8004. Clearly this article 4 of chapter 27 is not applicable to the case at bar.

Subdivision six of § 7588 providing for the appointment of receivers says the court may appoint a receiver "in all other cases where receivers have heretofore been appointed by the usages of courts of equity." The plaintiff has made no showing whatever in this case to justify its inclusion in this sort of blanket provision. He is not a stockholder in either of the corporations, nor is he interested in its property in any way except so far as he may desire to levy upon its property in case he recovers judgment. He has not shown he is a judgment creditor and exhausted his remedies at law. See Minkler v. United States Sheep Co. 4 N. D. 507, 62 N. W. 594, 33 L.R.A. 546.

It is true that under the provisions of subdivision 5, where a corporation is insolvent or in imminent danger of insolvency a receiver may be appointed "in the cases provided in this Code;" but we have shown that this has reference only to the cases provided in chapter 27 of the Code of Civil Procedure. If the corporations be insolvent, or are in imminent danger of insolvency, so that it is necessary to preserve their property for the benefit of their creditors in general, this chapter 27 makes provision for the bringing of an action after judgment has been obtained against it, to have the corporation dissolved. During the pendency of that action the court may appoint a receiver.

It is clear that the case at bar is not such a case as justifies the appointment of a receiver for either of the corporations. The order appointing a receiver is reversed and the case remanded to the district court for proceedings in conformity with this decision.

BURKE, NUESSLE, CHRISTIANSON and MOELLRING, JJ., concur.