**ANCHOR GAS, INC., Respondent,**

v.

**BORDER BLACK TOP, INC.,
Appellant.**

**No. C5-85-1311.**

Court of Appeals of Minnesota.

Feb. 11, 1986.

Joseph M. Boyle, Jr., International Falls, for respondent.

Richard C. Mollin, Jr., International Falls, for appellant.

Heard, considered and decided by SEDG-WICK, P.J., and RANDALL and CRIPPEN, JJ.

## OPINION

SEDGWICK, Judge.

Border Black Top, Inc. appeals the trial court's order, (1) requiring Vernon Treat to appear for deposition; and (2) requiring Treat's attorney to pay $250 in attorney fees and costs for advising Treat not to appear for a deposition scheduled May 31, 1984. We affirm.

## FACTS

In March 1984, Anchor Gas, Inc. (respondent) sued debtor Border Black Top, Inc. (appellant). Judgment was entered by stipulation against appellant, for $6,193.15.

After entry of judgment, Anchor Gas noticed the deposition of Vernon Treat, President of Border Black Top. On May 25, 1984, appellant's counsel responded to the request for deposition. The letter included the following paragraph:

With respect to Anchor Gas vs. Border Black Top, please be advised that the matter, having been entered up for judgment, concludes, in every respect, this civil action. Having in mind that no action is pending, Mr. Treat is not required to subject himself to a deposition under these circumstances and will not be making an appearance on the 31st of May.

Respondent's counsel replied:

The Rules of Civil Procedure provide for post-judgment discovery. I intend to appear at the time scheduled for deposition of Mr. Treat. If you fail to have your client present and submit him to the deposition, it is my intention to seek an order for payment of attorney fees and expenses not just against your client, but also against you.

On May 31, 1984 respondent's counsel traveled 100 miles to depose Vernon Treat. Appellant's counsel appeared and stated he had advised Treat not to appear.

Respondent's counsel moved for an order requiring Vernon Treat to submit to an oral deposition and requiring appellant and his attorney to pay $750 in fees and costs.

At the hearing on the motion, appellant's counsel told the court that he had advised his client not to appear for the deposition.

The trial court found:

That Richard C. Mollin, attorney at law, advised his client, Mr. Treat of Border Black Top, Inc., to not appear at a properly scheduled deposition on May 31, 1984.

That Richard C. Mollin's advice to his client to not attend the deposition was in bad faith, and Mr. Mollin's claim that the civil action was "concluded" is frivolous and intended solely to delay the ordinary course of the proceedings.

The trial court concluded that the deposition of Vernon Treat was a reasonable request for discovery. The court awarded attorney fees and costs of $250 and ordered Treat to appear for deposition.

Border Black Top appeals.

## ISSUES

1. Did the trial court err by requiring Treat to appear for deposition?

2. Did the trial court err by awarding $250 to respondent for attorney fees and costs?

## ANALYSIS

1. Appellant argues that under Minn. Stat. § 575.02 (1984), a judgment creditor may not have discovery of a judgment debtor unless a writ of execution has been returned unsatisfied. Respondent argues that under Minn.R.Civ.P. 69, a party may depose the opposing party in aid of judgment.

This issue requires examination of both Minn.Stat. § 575.02 and Rule 69.

Chapter 575 of Minnesota Statutes outlines the proceedings supplementary to execution. In particular, Minn.Stat. § 575.02 provides a procedure for obtaining an order for examination of a debtor:

When an execution against property of the judgment debtor * * * is returned unsatisfied, in whole or in part, the judgment creditor is entitled to an order from the judge of the district court * * * requiring the judgment debtor * * * to appear and answer concerning his or its property, at a time and place specified in the order, before a judge or a referee therein named.

*Id.*

This statute provides protection for the judgment creditor. If the writ of execution returns unsatisfied, the creditor has a statutory right to a court order requiring the debtor to appear and answer questions about his property. By granting the special remedy of requiring debtor's appearance, the rule gives the creditor a strong tool for discovery of assets.

Minn.R.Civ.P. 69 provides:

Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with M.S.A. 1971, c. 550. *In aid of the judgment or execution, the judgment creditor,* or his successor in interest when that interest appears of record, *may obtain discovery from any person,* including the judgment debtor, *in the manner provided in these rules.*

(Emphasis added). In 1974, Rule 69 was amended. The Advisory Committee noted that:

The change provided in this rule is to make available to the judgment creditor all of the discovery procedures, not merely the procedure of depositions. In particular the rule will now permit application of the amended Rule 34 [regarding production of documents].

Minn.R.Civ.P. 69, Advisory Committee Note, 1975.

A discussion of Rule 69 in *Minnesota Practice* provides in part:

The tools for enforcement of a money judgment in Minnesota are contained in the statutes, particularly in Minn.Stat. Ann. § 550.01, et seq. *That statute is not superseded or really supplemented by the Rule.* Rule 69 merely recognizes that the statute applies to the enforcement of money judgments. The rule also recognizes the procedures established in Minn.Stat.Ann. § 575.01, et seq., for proceedings supplementary to and in aid of execution and in Minn.Stat.Ann. § 571.41 for garnishment to enforce a judgment. None of these statutory provisions are changed by the rule.

2A D. Herr & R. Haydock, *Minnesota Practice* § 69.3 (1985) (emphasis added).

Appellant argues in effect that § 575.02 is the exclusive method to obtain discovery of a debtor post-judgment. Rule 69, he argues, merely details what type of discovery may be obtained, i.e., all types allowed under the rules. Outside of § 575.-02, discovery may not be obtained, since discovery is only allowed pursuant to pending actions under Rule 26.02.

Respondent reads Rule 69 to expand upon discovery rules of Rule 26.02 et seq. by allowing discovery post-judgment, *in aid of judgment.*

Appellant's argument regarding the exclusivity of § 575.02 is not sound. A plain reading of Rule 69 shows that the judgment creditor may obtain discovery from any person in the manner provided in the rules, "in aid of judgment *or* execution." Here, respondent attempted to use discovery in aid of judgment. One need not wait until the writ of execution is returned unsatisfied to utilize discovery.

2. Appellant also argues that his counsel, in good faith reliance upon his interpretation of the law, advised him not to appear for May 31, 1984 deposition.

■ Minn.Stat. § 549.21 (1984) authorizes reimbursement for certain costs in civil actions, where the party or attorney acted in bad faith; asserted a claim or defense knowing it to be frivolous; asserted an unfounded position just to delay the course of the proceedings or to harass; or committed a fraud upon the court. Timely

notice of intent to claim the award is required. *Id.*

Here, the trial court found that counsel's advice to appellant not to attend the deposition was in bad faith, and that counsel's claim that the civil action was concluded was frivolous and solely for delay.

This is not an erroneous finding. There was no error in awarding fees and costs.

### DECISION

We affirm the decision of the trial court.