1999 ND 244

**MID–DAKOTA CLINIC, P.C.,**
a corporation, Plaintiff
and Appellant,

v.

**Margaret L. KOLSRUD, Defendant**
and Appellee.

No. 990227.

Supreme Court of North Dakota.

Dec. 22, 1999.

Lisa Lauinger (argued) and Clifton Rodenburg, Johnson & Rodenburg, Bismarck, N.D., for plaintiff and appellant.

Margaret L. Kolsrud, pro se (no appearance).

Larry R. Spain, UND Legal Aid Association, UND School of Law, Grand Forks, N.D., amicus curiae.

MARING, Justice.

[¶ 1] Mid–Dakota Clinic, P.C. ("Mid–Dakota") appeals from a trial court order vacating an order to show cause. We reverse and remand for reinstatement of the order to show cause and direct the trial court to issue a bench warrant for the arrest of Margaret Kolsrud so that she is required to appear and to answer why she should not be held in contempt for disobeying the trial court's orders.

I.

[¶ 2] On November 19, 1997, Mid–Dakota obtained a default judgment against Margaret Kolsrud in the amount of $718.06. By mail on November 25, 1997, Mid–Dakota served interrogatories upon Kolsrud at her last known address. When Kolsrud failed to answer, Mid–Dakota applied for an order compelling answers. The trial court issued an order compelling answers to interrogatories on January 26, 1998. Mid–Dakota served interrogatories upon Kolsrud several more times; however, each time Kolsrud failed to return answers. On April 22, 1999, the trial court entered an order to show cause directing Kolsrud to appear and explain why she should not be held in contempt for her failure to comply with the order compelling answers. A Burleigh County deputy sheriff served this order on Kolsrud personally, yet she failed to appear at the show cause hearing held on June 24, 1999.

[¶ 3] On July 6, 1999, the trial court issued an order vacating its order to show cause. The court concluded that, because post-judgment procedures could result in Kolsrud's arrest and confinement, Mid–Dakota needed first to show, "(1) compliance with the procedures set forth in NDCC Chapter 28–21, (2) proper use of NDRCivP Rule 69 'in aid of the ... execution,' and (3) service under NDRCivP Rule 4 of any post-judgment pleadings." The court further concluded for discovery to be "in aid of execution" under Rule 69, a judgment creditor must attempt an execution under Chapter 28–21 before pursuing discovery. The court vacated its earlier order to show cause because it concluded Mid–Dakota failed to exhaust its legal remedies.

II.

[¶ 4] Mid–Dakota claims the trial court incorrectly concluded a judgment creditor must cause an execution to issue before conducting discovery under Rule 69, N.D.R.Civ.P. Mid–Dakota argues neither Rule 69 nor this state's statutes require a judgment creditor to execute and levy on a judgment debtor's property before seeking information about the debtor's assets through discovery procedures. Mid–Dakota also asserts public policy favors allowing post-judgment discovery without an execution because the costs of the execution, which are added to the judgment, create a burden for the debtor; whereas post-judgment interrogatories are a simple and inexpensive means to obtain information about the debtor's assets.

[¶ 5] On this issue of first impression, we agree with Mid–Dakota. Although there is a dearth of North Dakota

precedent on this issue, we conclude persuasive precedent from the federal courts and the state of Minnesota, and our own state's public policy favor allowing judgment creditors to proceed with post-judgment discovery without first issuing an execution on a debtor's property.

[¶ 6] Rule 69, N.D.R.Civ.P. states:

Process to enforce a judgment for the payment of money is a writ of execution, unless the court directs otherwise. The procedures on execution and proceedings supplementary to and in aid of a judgment and in aid of execution are in accordance with the statutes of this state. In aid of the judgment or execution, the judgment creditor or a successor in interest if that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules.

North Dakota's Rule 69 is an adaptation of and is, in relevant part, identical to Rule 69(a), Fed.R.Civ.P. N.D.R.Civ.P. 69, Explanatory Note. Though we are not compelled to interpret our state procedural rules in the same manner as the federal courts interpret their corresponding rules, the federal courts' interpretations are highly persuasive. *State v. Valgren,* 411 N.W.2d 390, 393 (N.D.1987).

[¶ 7] In interpreting federal Rule 69(a), federal courts have held it describes two separate parts of the judgment enforcement process. *Fuddruckers, Inc. v. KCOB I, L.L.C.,* 31 F.Supp.2d 1274, 1277 (D.Kan.1998). The first part "relates to judgment execution *procedure* and supplemental proceedings thereto, while the other controls postjudgment *discovery.*" *Id.* The post-judgment discovery provision of Rule 69(a) allows judgment creditors to proceed with discovery under either the federal rules or those provided by state practice. *Blaw Knox Corp. v. AMR Indus., Inc.,* 130 F.R.D. 400, 402 (E.D.Wis. 1990). The scope of post-judgment discovery under Rule 69(a) is very broad, in order to permit a judgment creditor to discover assets upon which it may execute.

*F.D.I.C. v. LeGrand,* 43 F.3d 163, 172 (5th Cir.1995). In cases in which creditors choose to proceed with discovery under the federal rules, federal courts have held Rule 69(a) itself contains no requirement that an execution be returned unsatisfied before post-judgment discovery proceeds. *Blaw Knox Corp.,* at 402.

[¶ 8] Our rule, like the federal rule, treats execution and supplementary proceedings differently than discovery, referencing each in a different sentence. According to our rule, supplementary proceedings are to be conducted in accordance with state statutes, while discovery may proceed under our rules of civil procedure.

[¶ 9] The University of North Dakota Legal Aid Association ("Legal Aid") argues in an amicus brief that the judgment debtor examination allowed by N.D.C.C. § 28–25–01 is like a discovery device; and therefore, the execution requirement contained in that statute applies to other forms of discovery as well. Additionally, Legal Aid contends, relying on *Minkler v. U.S. Sheep Co.,* 4 N.D. 507, 62 N.W. 594 (1895), that Rule 69 merely expands the scope of discovery available to judgment creditors following an unsatisfied execution. We disagree.

[¶ 10] Chapter 28–25, N.D.C.C., enacted in 1877, governs proceedings supplementary to execution. A supplementary proceeding is not an action on the judgment, but is a continuation of and auxiliary to the original action. *American State Bank of Dickinson v. Stoltz,* 345 N.W.2d 365, 367 (N.D.1984). Section 28–25–01, N.D.C.C., authorizes a court to order a judgment debtor to appear and provide information about her assets after an execution has been returned unsatisfied or when the court determines a judgment debtor is unjustly refusing to apply her property to satisfy the judgment. The examination is to be held before the court or a referee appointed by the court. N.D.C.C. § 28–25–03. Under certain cir-

cumstances, the court can issue a warrant for the arrest of the debtor in order to bring her immediately before the court. N.D.C.C. § 28–25–05.

[¶ 11] The judgment debtor examination outlined in N.D.C.C. § 28–25–01 is a supplementary proceeding, which falls within the first part of Rule 69. Rather than initiate such a proceeding under our statutes, Mid–Dakota chose to pursue post-judgment discovery under the second part of Rule 69, which allows discovery to proceed according to our rules. Thus, the statutory prerequisite of an execution returned unsatisfied before a judgment debtor examination may proceed is inapplicable to post-judgment discovery under our rules.

[¶ 12] We also conclude *Minkler* does not control the outcome of this case. In *Minkler*, this Court reversed an order appointing a receiver because the creditor had not issued an execution in the county of the debtor's residence. 62 N.W. at 594–96. The Court noted the requirement of the issuance of and return of an execution unsatisfied is intended to "subserve a very important purpose," which it stated was the "best evidence that the creditor has in good faith exhausted his remedy at law." *Id.* at 594. The Court concluded the statutory remedy of execution was a "milder means" than the appointment of a receiver. *Id.* at 596.

[¶ 13] *Minkler* was decided in 1895 and Rule 69, N.D.R.Civ.P. was originally adopted in 1957. Rule 69 allowed discovery methods in addition to the existing statutory framework of supplementary proceedings and "was intended to establish an effective and efficient means of securing the execution of judgments." *U.S. v. McWhirter*, 376 F.2d 102, 106 (5th Cir. 1967). Discovery under this rule is a practical and inexpensive means for both the judgment creditor and debtor of discovering the assets of a judgment debtor. To that end, the addition of discovery methods under the Rules of Civil Procedure is not inconsistent with the concerns of the

*Minkler* Court regarding supplementary proceedings.

[¶ 14] The Minnesota Court of Appeals considered this very issue in *Anchor Gas, Inc. v. Border Black Top, Inc.*, 381 N.W.2d 96 (Minn.Ct.App.1986). In that case, the trial court ordered the judgment debtor to submit to a post-judgment deposition. *Id.* at 97. On appeal, the debtor argued a state statute providing for examination of the judgment debtor after an execution was returned unsatisfied was the sole method for obtaining post-judgment discovery and that Rule 69 simply designated the types of discovery that could be used. *Id.* at 98. The appellate court disagreed, stating:

A plain reading of Rule 69 shows that the judgment creditor may obtain discovery from any person in the manner provided in the rules, "in aid of judgment *or* execution." Here, respondent attempted to use discovery in aid of judgment. One need not wait until the writ of execution is returned unsatisfied to utilize discovery.

*Id.* The relevant portion of Minnesota's Rule 69 mirrors both the federal rule and North Dakota's rule. Minn.R.Civ.P. 69. In addition, the Minnesota statute governing supplementary proceedings requires the issuance of an execution prior to examination of the judgment debtor, as does North Dakota's statute. Minn.Stat. Ann. § 575.02.

[¶ 15] Finally, legislatively expressed public policy in a similar area of the law suggests North Dakota should follow the federal courts and the state of Minnesota. In 1981, the Legislature enacted N.D.C.C. § 32–09.1–06, eliminating the requirement that garnishment proceedings could only be instituted after issuance of an execution. This statute now allows a creditor to proceed with garnishment "[i]n any action in a court of record for the recovery of money, at any time after judgment...." N.D.C.C. § 32–09.1–06. The Legislative Council's 1981 report suggested this

change, noting testimony on the former bill favored eliminating the execution requirement because it was "futile and only add[ed] to the cost of the garnishment proceedings." Background Memorandum on Garnishment Study, Judiciary "C" Committee at A–9 (1979).

[¶ 16] The Legislature's elimination of this requirement in the garnishment statutes suggests the Legislature favors cost reduction and simplification of the process for both parties. Post-judgment discovery procedures are an inexpensive means to obtain information about a debtor's assets, without increasing the debtor's burden with the cost of an execution levy. Foregoing an execution also conserves law enforcement resources, because a sheriff's office need not be involved in every attempt to determine assets available to satisfy a judgment. Thus, we conclude the trial court erred in concluding an execution was required before discovery could be utilized under Rule 69, N.D.R.Civ.P.

### III.

[¶ 17] Mid–Dakota next claims the trial court erred in concluding post-judgment pleadings must be served in accordance with the service of process requirements of Rule 4, N.D.R.Civ.P. We agree. Post-judgment discovery documents are subject to service under N.D.R.Civ.P. 5, not under N.D.R.Civ.P. 4.

[¶ 18] Rule 7(a), N.D.R.Civ.P., defines pleadings as a complaint, answer, reply to a counterclaim and an answer to a cross-claim. Rule 4 controls civil jurisdiction and service of process, generally the summons and complaint. *See* N.D.R.Civ.P. 4, Explanatory Note. Rule 5, however, governs "service of papers other than 'process.'" *See* N.D.R.Civ.P. 5, Explanatory Note. In *American State Bank of Dickinson*, we concluded a supplementary proceeding is not a new and independent action, requiring service of a summons. 345 N.W.2d at 367. Similarly, discovery documents do not begin a separate action, but merely aid the judgment. Thus, Mid–Da-

kota's Rule 5 service by mail to Kolsrud's last known address was sufficient. The order to show cause, which asserted a new claim for relief and thus required Rule 4 service, was appropriately served on Kolsrud in person by a deputy sheriff.

### IV.

[¶ 19] Mid–Dakota next claims a judgment debtor who disregards an order compelling answers to discovery and then fails to appear at a hearing on an order to show cause should be arrested and brought before the court to answer. We agree.

[¶ 20] Under N.D.C.C. § 27–10–01.1(1)(c), the meaning of "contempt of court" includes "[i]ntentional disobedience, resistance, or obstruction of the authority, process, or order of a court or other officer...." Chapter 27–10 allows a court to impose both remedial and punitive sanctions, which incorporate the traditional characteristics of civil and criminal contempt. *Endersbe v. Endersbe*, 555 N.W.2d 580, 582 (N.D.1996). When imposing contempt under Chapter 27–10, a court must first consider whether a remedial or punitive sanction is applicable and then apply the appropriate procedures for imposing the sanction. *Id.*

[¶ 21] The trial court exercises broad discretion in determining whether to hold an individual in contempt. *Id.* at 581. This court will not overturn a finding of contempt unless there is a clear abuse of that discretion. *Id.* We will conclude a trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner or when it misinterprets or misapplies the law. *Id.*

[¶ 22] Legal Aid asserts the court had no power to issue the order compelling discovery. If the court's order was void, Kolsrud cannot be held in contempt for her failure to comply with it. In *Dahlen v. Dahlen*, this court held that a party may not be held in contempt for disobeying an order a court was without power to issue.

393 N.W.2d 769, 770 (N.D.1986). As we concluded above, however, Rule 69 allows post-judgment discovery without the return of an execution unsatisfied and Mid–Dakota properly served Kolsrud with all documents. Under Rule 37, N.D.R.Civ.P., upon application by motion, a court may issue an order compelling discovery. Thus, the court order compelling answers to Mid–Dakota's interrogatories was not void and *Dahlen* does not apply. Our discovery rules require "complete, accurate, and timely compliance." *Barth v. Barth* 1999 ND 91, ¶ 29, 593 N.W.2d 359. Therefore, Kolsrud may be held in contempt under Rule 37(b)(2)(D) for her failure to comply with the court's order. *See id.* at ¶ 35; *St. Aubbin v. Nelson,* 329 N.W.2d 874, 877 (N.D.1983).

[¶ 23] In this case, the order to show cause issued after Kolsrud failed to comply with the court's order compelling answers to Mid–Dakota's interrogatories. Had Kolsrud appeared at the order to show cause hearing, she could have contested the legal basis for the interrogatories or claimed her failure was justified for another reason. This Court has stated "[t]he inability to comply with an order is a defense to contempt proceedings based on a violation of that order." *Flattum–Riemers v. Flattum–Riemers,* 1999 ND 146, ¶ 7, 598 N.W.2d 499. If the court determined her legal argument or explanation inadequate, it could then find her in contempt of court. Any sanction intended to obtain compliance with the order compelling discovery is remedial, because Kolsrud's compliance with the discovery order, i.e., answering the interrogatories, lifts the contempt sanction.

[¶ 24] In addition, Kolsrud's failure to appear before the court on the order to show cause also subjects her to contempt of court. The order to show cause required Kolsrud to appear before the court to explain her failure to answer the interrogatories as ordered by the court. N.D.C.C § 27–10–07. By failing to appear to explain her disregard of the court's discovery order, she disobeyed a second court order. For this contemptuous act, the only purpose of a sanction would be to punish the offender and vindicate judicial authority. Defiance of a court order with impunity should not be tolerated. If, on remand, a punitive sanction is contemplated, the proceeding in which the sanction is imposed must comply with N.D.C.C. § 27–10–01.3(1)(b).

### V.

[¶ 25] We conclude the trial court abused its discretion in vacating the order to show cause. The order compelling answers was a valid exercise of the trial court's authority under Rule 37, because Rule 69 allows post-judgment discovery prior to issuance of an execution. Further, Mid–Dakota properly served all post-judgment discovery documents under Rule 5 and the order to show cause under Rule 4. We reverse and remand to the trial court to reinstate the order to show cause and to issue a bench warrant for Kolsrud's arrest to appear and answer why she should not be held in contempt of court for disobeying the trial court's orders.

[¶ 26] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM, CAROL RONNING KAPSNER, JJ., concur.