2000 ND 84

**BANK CENTER FIRST, Plaintiff and Appellant,**

v.

**William A. KOSTELECKY, Defendant and Appellee.**

No. 990392.

Supreme Court of North Dakota.

April 25, 2000.

Lisa D. Lauinger (argued) and Clifton G. Rodenburg, Johnson & Rodenburg, Bismarck, ND, for plaintiff and appellant.

William A. Kostelecky, Jr. (no appearance), pro se, Jacksonville, AL, defendant and appellee.

MARING, Justice.

[¶ 1] Bank Center First ("the Bank") appeals from a trial court order denying its motion to compel answers to interrogatories served under N.D.R.Civ.P. 69. We reverse and remand.

[¶ 2] On August 31, 1999, the Bank obtained a default judgment against William A. Kostelecky in the amount of $415.63. Kostelecky accepted service of the summons and complaint which were sent by certified mail, restricted delivery under N.D.R.Civ.P. 4. Following entry of the judgment, the Bank realized the certified mail return receipt listed a forwarding address for Kostelecky in Alabama. The Bank then served post-judgment interrogatories on Kostelecky by mail to his Alabama address. Kostelecky failed to answer the interrogatories or to file objections, and the Bank moved for an order compelling answers on October 12, 1999. Kostelecky did not respond to the motion. The trial court denied the motion, reasoning it did not have personal jurisdiction over a resident of Alabama and, thus, could not compel Kostelecky to answer the interrogatories.

[¶ 3] In *Mid–Dakota Clinic, P.C. v. Kolsrud,* this Court concluded the service of post-judgment discovery documents under N.D.R.Civ.P. 69 does not begin a new action, but instead is a continuation of the original action on a judgment. 1999 ND 244, ¶ 18, 603 N.W.2d 475. The trial court gained personal jurisdiction over Kostelecky through the proper service of the summons and complaint and did not lose its jurisdiction over him when the judgment was entered. *See American State Bank of Dickinson v. Stoltz,* 345 N.W.2d 365, 367 (N.D.1984). Therefore, because the trial court retains jurisdiction over Kostelecky, it has the authority to issue an order compelling answers to the interrogatories.

[¶ 4] We reverse the trial court's order and remand for the trial court to determine whether it should issue an order compelling answers to the interrogatories under N.D.R.Civ.P. 37.

[¶ 5] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM, CAROL RONNING KAPSNER, JJ., concur.