#24676-rev-PER CURIAM
**2008 SD 37**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

FIRST NATIONAL BANK OF OMAHA,               Plaintiff and Appellant,

    v.

ALLEN KOLUCEK,                                             Defendant.

* * * *

APPEAL FROM THE CIRCUIT COURT
OF THE FIRST JUDICIAL CIRCUIT
BON HOMME COUNTY, SOUTH DAKOTA

* * * *

HONORABLE GLEN W. ENG
Judge

* * * *

LISA LAUINGER of
Johnson, Rodenburg & Lauinger              Attorneys for plaintiff
Bismarck, North Dakota                          and appellant.

ALLEN KOLUCEK                                      Pro se defendant.
Scotland, South Dakota

* * * *

CONSIDERED ON BRIEFS
MAY 19, 2008

OPINION FILED 5/28/08

#24676

PER CURIAM

[¶1.]     First National Bank of Omaha (First National) appeals the circuit

court's denial of a motion to compel answers to post-judgment interrogatories.  We

reverse.

BACKGROUND

[¶2.]     First National obtained a default judgment against Allen Kolucek for

past due credit card debt.  A summons and complaint were personally served upon

Kolucek and he made no appearance in this matter.  Judgment in the amount of

$6,449.93 was entered on March 31, 2006.  First National then sent Kolucek

"Interrogatories Pursuant to Rule 69" seeking financial information to aid in

recovering the judgment amount.  No response was received.  First National then

served and filed a motion with the circuit court seeking an order to compel Kolucek

to answer the post-judgment interrogatories.

[¶3.]     Following a hearing, the circuit court denied the motion to compel

reasoning that First National was improperly proceeding under SDCL 15-6-69

(execution)(Rule 69) and should instead be proceeding under SDCL ch 15-20

(proceedings supplementary to execution) in order to seek information in aid of

execution of judgment.  The circuit court also found that the Rule 69 interrogatories

were not properly served because they were sent by first class mail and required

any future requests be sent by certified mail with return receipt.  First National

appeals.[1]

---

1.     Kolucek has not entered an appearance or contested the appeal.

ISSUE

**[¶4.]** **Whether the circuit court erred in denying First National's motion to compel answers to post-judgment interrogatories.**

   A. *Whether First National was entitled to post-judgment discovery under SDCL 15-6-69.*

**[¶5.]** First National relied upon SDCL 15-6-69 in submitting these interrogatories to aid in the execution of the judgment. That rule provides:

> Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with applicable statute or rule. *In aid of a judgment or execution, the judgment creditor, or his successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor in the manner provided in these rules.*

SDCL 15-6-69 (emphasis added). Although this Court has not had occasion to address this rule, the relevant portion as highlighted above closely tracks Federal Rule of Civil Procedure 69. Fed.R.Civ.P. 69(a)(2). In addressing the federal counterpart to the rule, leading commentators have recognized that the intent of the rule is that "[t]he judgment creditor is allowed discovery to find out about assets on which execution can issue or about assets that have been fraudulently transferred or are otherwise beyond the reach of execution." 12 Wright & Miller, *Federal Practice and Procedure*, § 3014 (2nd ed 1997). To accomplish this purpose, the judgment creditor may use any of the discovery devices provided in the civil rules to aid in the execution. *Id*. *See also* 13 James Wm. Moore et al., *Moore's Federal Practice*, ch 69.04[3] (3rd ed 2007). SDCL 15-6-26(a) specifically provides for discovery by written interrogatories.

[¶6.] In comparison, SDCL ch 15-20 (proceedings supplementary to execution) provides for an examination of a debtor *after* execution has occurred, but the judgment remains unsatisfied. *See* SDCL 15-20-1.[2] In addressing the interrelationship between these provisions in a similar situation, the Minnesota Court of Appeals found:

> Appellant's argument regarding the exclusivity of [the examination of debtor provisions similar to SDCL ch 15-20] is not sound. A plain reading of Rule 69 shows that the judgment creditor may obtain discovery from any person in the manner provided in the rules, "in aid of judgment or execution." Here, respondent attempted to use discovery in aid of judgment. One need not wait until the writ of execution is returned unsatisfied to utilize discovery.

Anchor Gas, Inc. v. Border Black Top, Inc., 381 NW2d 96, 98 (MinCtApp 1986). Therefore, the court affirmed the lower court's decision allowing post-judgment discovery under Rule 69 to aid in execution of judgment. This same determination was reached by the North Dakota Supreme Court in *Mid-Dakota Clinic, P.C. v. Kolsrud,* 603 NW2d 475, 476-78 (ND 1999). In that case, the court recognized that Rule 69 provides "a practical and inexpensive means for both the judgment creditor and debtor of discovering the assets of a judgment debtor." *Id.* at 478. Further, the examination of debtor provisions similar to SDCL ch 15-20 require first an

---

2. SDCL 15-20-1 provides:

> When an execution upon a judgment for twenty-five dollars or more . . . is returned unsatisfied in whole or in part, the judgment creditor at any time after such return is entitled to an order from a judge of the circuit court within the county to which the execution was issued, requiring such judgment debtor to appear and answer concerning his property before such judge, within such county, at a time and place specified in the order.

unsatisfied execution, whereas Rule 69 discovery is utilized prior to execution. *Id.* at 477-78. The North Dakota Supreme Court also found that public policy favored "allowing judgment creditors to proceed with post-judgment discovery without first issuing an execution on a debtor's property." *Id.* at 477. The court held that an "order compelling answers was a valid exercise of the trial court's authority under Rule 37, because Rule 69 allows post-judgment discovery prior to the issuance of an execution." *Id.* at 480.

[¶7.] Here, the circuit court erred as a matter of law in determining First National was required to proceed exclusively under SDCL ch 15-20 rather than utilizing SDCL 15-6-69, and incorrectly determined that it had no authority to compel answers to the Rule 69 interrogatories under SDCL 15-6-37(a) (motion for order compelling discovery).

*B. Whether the request for post-judgment interrogatories was properly served.*

[¶8.] Alternatively, the circuit court found that the Rule 69 interrogatories were not properly served because they were sent by first class mail. Instead, the circuit court imposed a requirement that they be served by certified mail with return receipt. In addressing proper service of post-judgment interrogatories, the North Dakota Supreme Court recognized that the Rule 5 service requirements applied because "discovery documents do not begin a separate action, but merely aid the judgment. Thus, [judgment creditor's] Rule 5 service by mail to [debtor's] last known address was sufficient." *Mid-Dakota Clinic, P.C.*, 603 NW2d at 479. Similarly, SDCL 15-6-5(b) provides that for every pleading subsequent to the original complaint, service "shall be made by delivering a copy to him or by mailing it to him at his last known address." In addition, "[s]ervice by mail shall be by first

class mail and is complete upon mailing." *Id*. Consequently, service of the Rule 69 interrogatories was properly effectuated by first class mail.[3]

[¶9.] Reversed.

[¶10.] GILBERTSON, Chief Justice, SABERS, KONENKAMP, ZINTER and MEIERHENRY, Justices, participating.

---

3. It is significant to note that the North Dakota Supreme Court also recognized that an order to show cause directing a debtor to appear and explain why he should not be held in contempt for failing to answer such interrogatories required Rule 4 service. *Mid-Dakota Clinic, P.C.,* 603 NW2d at 479. This is consistent with SDCL 15-6-5(b) which provides that its provisions do not apply "to the service of . . . any paper to bring a party into contempt." *See* Matter of Gillespi, 397 NW2d 476, 477-78 (SD 1986) (holding service under SDCL 15-6-4 is mandatory in order for the circuit court to acquire jurisdiction in contempt proceedings). While this is not applicable at this point, it may become so in the future.